Opinion Issued September 16, 2004



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00720-CR




MARVIN GERALD BUCK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 930918




MEMORANDUM OPINION
          A jury found appellant, Marvin Gerald Buck, guilty of the felony offense of
possession of cocaine. After appellant pleaded true to the two prior
enhancements—one for unauthorized use of a motor vehicle and one for possession
of cocaine— the court sentenced him to 30 years’ confinement. In six points of error,
appellant challenges the legal and factual sufficiency of the evidence to support his
conviction. We affirm. 
Facts
On August 10, 2001, Houston Police Officer Mike Burdick was conducting
 surveillance on a motel in a known drug-trafficking area when he saw appellant leave
the motel and get into a truck. Burdick saw appellant commit a traffic violation as he
drove away from the motel,


 so he radioed Officer Eric Newman to initiate a traffic
stop.


 
          As Newman approached the truck, he noticed appellant and two female
passengers inside. Appellant seemed nervous; he was profusely sweating and his
hands were shaking. When Newman asked appellant for his driver’s license,
appellant did not have it. Newman then asked appellant to get out of the truck. 
Newman testified that appellant was “very animated” in getting out—he “physically
placed his hands on the seat and almost lifted himself and scooted across the street
[sic] to get out of the seat.” When appellant got out of the truck, Newman
immediately noticed crack cocaine, in rock form, on appellant’s seat. Newman
testified that it was unusual for the cocaine to be in rock form because, if it had been
in the truck for any length of time or had any amount of friction on it, it would have
crumbled. The rock seized by Newman was analyzed and determined to be 2.3 grams
of cocaine. One of the female passengers possessed a crack pipe. Another crack
pipe and over five grams of marijuana were also located in the truck, stuffed between
the seats. 
Discussion
          In six points of error, appellant contends the evidence is legally and factually
insufficient because the State failed (1) to affirmatively link him to the cocaine found
in the automobile, (2) to establish his knowledge of the unlawful nature of the cocaine
found on the car seat, and (3) to show that he was aware of the nature of the substance
and had control over the cocaine for a sufficient period of time to terminate his
control. 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562. 
          We review the factual sufficiency of the evidence by reviewing all the evidence
as a whole neutrally, not in the light most favorable to the prosecution. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual-sufficiency review, we
may not substitute our own judgment for that of the fact finder. Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals has
recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          To prove unlawful possession of a controlled substance, the State must
establish that the accused (1) exercised care, control, custody or management over the
contraband, (2) was conscious of his connection with it, and (3) knew the matter was
contraband. Tex. Health & Safety Code Ann. §§ 481.002, 481.115 (Vernon
2003); see Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990) (en banc); 
Salazar v. State, 95 S.W.3d 501, 504 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d) . When contraband is not found on the appellant’s person, as here, the evidence
must affirmatively link it to the defendant so that it can be reasonably inferred he
knew about it and exercised control over it. Roberson v. State, 80 S.W.3d 730, 735
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). 
          The factors that establish affirmative links include whether (1) the defendant
was present when the drugs were found; (2) the contraband was in plain view; (3) the
defendant was in proximity to the drugs and had access to them; (4) the defendant
was under the influence of drugs when arrested; (5) the defendant possessed other
contraband; (6) the defendant made incriminating statements when arrested; (7) the
defendant attempted to flee; (8) the defendant made furtive gestures; (9) there was an
odor of drugs; (10) the defendant owned or had the right to possess the place where
the drugs were found; (11) the drugs were found in an enclosed place; (12) the
amount of drugs found was significant; (13) the defendant possessed weapons; and
(14) the defendant possessed a large amount of cash. Hurtado v. State, 881 S.W.2d
738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Although courts
recognize many non-exhaustive factors that may constitute affirmative links, the
number of factors is not as important as the degree to which they, alone or together,
tend affirmatively to link the accused to the drug. Id. Evidence that affirmatively
links the accused to the drugs must establish a connection that was more than
fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
          Here, appellant was the driver of the truck and was sitting on the cocaine. The
cocaine was easily accessible to appellant and easily viewed by Newman when
appellant got out of his truck. Newman testified that neither of the two passengers
made any movements towards the driver’s seat. When appellant got out of the truck,
Newman testified that appellant appeared to be intentionally taking steps to avoid
crumbling the crack cocaine. Appellant did not testify or present any witnesses. 
          As the exclusive judges of the facts, the credibility of the witnesses, and the
weight to be given their testimony, a jury may believe or disbelieve all or any part of
a witness’s testimony. McKinney v. State, 76 S.W.3d 463, 468-69 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). A reasonable jury could have determined
from the evidence that appellant exercised care, control, or custody over the cocaine;
that he knew that what he possessed was contraband; and that he declined the
opportunity to terminate control of the cocaine. We will not substitute our judgment
for that of the fact finder. Accordingly, viewing the evidence in the light most
favorable to the verdict, we find that the evidence was legally sufficient to support
appellant’s conviction. Similarly, after examining all of the evidence neutrally, we
hold that the proof of guilt was not so obviously weak as to undermine confidence in
the jury’s determination; nor was there any contrary evidence so that the beyond-a-reasonable-doubt standard could not have been met.
          We overrule appellant’s six points of error. 
Conclusion
We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4